**William Thomas ZEIGLER, Jr.,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary Florida Department of Corrections, Richard Dugger, Superintendent of Florida State Prison at Starke, Florida, and Jim Smith, Attorney General of the State of Florida, Respondents-Appellees.**

**William Thomas ZEIGLER, Jr.,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary Florida Department of Offender Rehabilitation; Richard Dugger, Superintendent of Florida State Prison at Starke, Florida, Jim Smith, Attorney General of the State of Florida, Respondents-Appellees.**

Nos. 86–3310, 86–3311.

United States Court of Appeals,
Eleventh Circuit.

May 19, 1986.

Mark Evan Olive, David Adam Reiser, Michael A. Mello, Office of Capital Collateral Representative, Independent Life Bldg., Tallahassee, Fla., H. Vernon Davids, Englewood, Fla., William Frances Duane, Winter Park, Fla., for petitioner-appellant.

Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, Fla., for respondents-appellees.

Before RONEY, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

A judgment denying federal habeas corpus relief to William Thomas Zeigler, Jr., under sentence of death for a 1976 conviction for murder in Florida, was entered by the United States District Court for the Middle District of Florida on January 3, 1986. No appeal was taken from that order. The record before this Court does not satisfactorily explain the reason. The record presently before the court is insufficient to support any claim that either the petitioner or his attorney intentionally waived an appeal.

A death warrant was issued and execution is scheduled for May 20, 1986, at 7:00 A.M. On May 9, 1986, in case no. 86–3310, attorneys with the Capital Collateral Review Agency, appellate counsel for Zeigler, filed in district court a Motion for Relief from Judgment under Fed.R.Civ.P. 60(b) and a Motion for Leave to File an Amended Petition for Writ of Habeas Corpus. The Rule 60(b) motion in effect sought to vacate the January 3rd order either so that an amended petition for writ of habeas corpus could be filed, or so that judgment could be reentered and a timely appeal could be taken. The district court denied both motions. Case no. 86–3310 is before us on appeal, with applications for certificate of probable cause and a stay of execution pending appeal.

On May 16, 1986, Zeigler's trial attorney, H. Vernon Davids, filed case no. 86–3311, a successive petition for writ of habeas corpus, in the district court. This petition alleges as a ground for relief that the Capital Collateral Review Agency provided Zeigler with ineffective assistance of counsel by failing to file a timely notice of appeal from the district court's denial of Zeigler's first habeas petition. The succes-

sive petition also restated all the grounds for relief that had been presented in the first habeas corpus petition. The district court issued an order denying the successive petition. Case no. 86–3311 is also now before us on appeal, along with applications for certificate of probable cause and a stay of execution pending appeal.

■ The appeal from the denial of the Rule 60(b) motion and the appeal from the denial of the ineffective assistance of appellate counsel claim both present issues that have not previously been considered by this Court. Accordingly, we grant the applications for certificates of probable cause in both case no. 86–3310 and case no. 86–3311. We grant a stay of execution pending the appeals in both these cases. The cases will be consolidated for purposes of oral argument only.

■ The Rule 60(b) issues and ineffective assistance of appellate counsel issues must be decided before this Court can, if at all, reach any decision on the merits of the issues presented in the first habeas petition and presented again in the successive petition. Accordingly, we specifically request that the parties brief the following issues:[1]

(1) in case no. 86–3310, the district court's denial of the Motion for Relief from Judgment under Rule 60(b);

(2) in case no. 86–3311, the district court's denial of the claim that the Capital Collateral Review Agency rendered ineffective assistance of counsel.

The clerk is instructed to set an expedited briefing schedule.

APPLICATION FOR CERTIFICATE OF PROBABLE CAUSE GRANTED IN NOS. 86–3310 & 86–3311.

EXECUTION STAYED PENDING APPEALS IN BOTH CASES.

1. All perceived issues may be briefed, but we are particularly interested in the constitutional implication, if any, of the failure of counsel to file an appeal from a denial of habeas corpus relief by a federal district court, and the impli-

cation of a federal appellate court's supervisory jurisdiction as it relates to the proper processing of requests for federal habeas corpus relief in capital cases.